**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00931-REB

ANTHONY ANDERSON,

      Applicant,

v.

WARDEN STEVE HARTLEY, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

**ORDER DENYING 28 U.S.C. § 2254 APPLICATION**

---

**Blackburn, J.**

      Applicant, Anthony Anderson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1)[1] challenging the validity of his convictions in Denver, Colorado, district court case number 97CR3720. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      On April 14, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 20, 2011, Respondents filed their

---

[1] ECF No. 1 is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). I use this convention through this order.

pre-answer response (ECF No. 7).  On May 19, 2011, Mr. Anderson filed a reply (ECF No. 9) to the pre-answer response.

On June 22, 2011, Magistrate Judge Boyd N. Boland entered an order (ECF No. 11) drawing the case the a district judge and a magistrate judge.  On June 24, 2011, the Court entered an order (ECF No. 13) dismissing the application in part, specifically dismissing unexhausted claims three, four, and six as procedurally barred and also dismissing unexhausted claim six for failure to raise a cognizable federal constitutional claim.  The June 24 order also directed Respondents to file within thirty days an answer that fully addressed the merits of exhausted claims one, two, and five.  These claims remain pending.  The June 24 order noted that Mr. Anderson may file a reply, if he wanted, within thirty days of the filing of the answer.  In addition, on June 24, the Court entered an order (ECF No. 14) for the state court record.

On July 18, 2011, Respondents filed the state court record (ECF No. 18).  On August 5, 2011, after being ordered to show cause (ECF No. 19) why they should not be held in contempt of court based on their failure to file an answer as ordered, Respondents filed a response to the order to show cause (ECF No. 20) and an answer (ECF No. 21).  On October 7, 2011, after being granted an extension of time, Mr. Anderson filed a reply (ECF No. 26) to the answer.

The Court has construed liberally Mr. Anderson's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court has not been an advocate for this *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss pending claims one, two, and five, and deny the application.

## I. Factual and Procedural Background

On September 3, 1998, Mr. Anderson was convicted by a jury in Denver District Court Case No. 97CR3720 on charges of first-degree burglary, third-degree assault, and two counts of criminal extortion. *See* ECF No. 7, ex. 1 (state court docket sheet in No. 97CR3720) at 14. The trial court found that Mr. Anderson had five prior felony convictions and adjudicated him to be a habitual criminal. *See* ECF No. 7, ex. 1 at 14; ex. 3 (answer brief in *People v. Anderson*, No. 98CA2383 (Colo. Ct. App. Oct. 12, 2000) (not published)) at 1. On October 19, 1998, Mr. Anderson was sentenced to the DOC for a term of forty-eight years for first-degree burglary, two years for third-degree assault, and twenty-four years on each of the two counts of criminal extortion, with all sentences to run concurrently. *See* ECF No. 7, ex. 1 at 13. On October 12, 2000, the Colorado Court of Appeals affirmed on direct appeal. *See* ECF No. 7, ex. 4 (No. 98CA2383). On March 5, 2001, the Colorado Supreme Court denied certiorari review. *See* ECF No. 7, ex. 5.

On December 3, 2001, Mr. Anderson filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. *See* ECF No. 7, ex. 1 at 11; ex. 12 (*People v. Anderson*, No. 08CA1001 (Colo. Ct. App. Feb. 18, 2010) (not published)) at 1. The trial court held a hearing and rejected Mr. Anderson's postconviction claims, making detailed oral findings of fact and conclusions of law. *See* ECF No. 7, partial transcript attachment to ex. 11 (answer brief in 08CA1001); trial tr. supplemental vol. at 94-101, Apr. 24, 2008. On February 18, 2010, the Colorado Court

of Appeals affirmed the denial of the Colo. R. Crim. P. 35(c) motion. *See* ECF No. 7, ex. 12. On January 3, 2011, the Colorado Supreme Court denied certiorari review. *See* ECF No. 7, ex. 13.

On April 7, 2011, Mr. Anderson filed his application for writ of habeas corpus with this Court.

## II. Analysis

### A. Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Anderson seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to 28 U.S.C. § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct, and, thus, Mr. Anderson bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

The Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result

contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, the Court must review the claim *de novo*, and the deferential standards in 28 U.S.C. § 2254(d) are not applicable. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### B.  Claims

The Court now will address the merits of Mr. Anderson's exhausted, and remaining, claims one, two, and five:

> Claim one.    The prosecution committed misconduct by providing compensation to prosecution witnesses and not informing the trial court or defense of that fact.
>
> Claim two.    The evidence was insufficient to support his burglary conviction.
>
> Claim five.    His trial counsel was constitutionally ineffective.

### Claim One

As his first claim, Mr. Anderson alleges that the prosecution committed misconduct by providing compensation to prosecution witnesses and not informing the trial court or defense of that fact. Habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974); *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). In order to determine whether prosecutorial misconduct rendered the trial fundamentally unfair, the Court must consider "the totality

7

of the circumstances, evaluating the prosecutor's conduct in the context of the whole trial." *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir. 1998).  Allegations of prosecutorial misconduct are mixed questions of law and fact.  *See Fero v. Kerby*, 39 F.3d 1462, 1473 (10th Cir. 1994).

At the evidentiary hearing on Mr. Anderson's postconviction motion, he testified he informed his trial counsel that the prosecution had done favors for Christina Gutierrez, the victim, in exchange for her testimony, in particular dropping charges she had been facing.  Trial tr. supplemental vol. at 16-17, Apr. 24, 2008.  Mr. Anderson also asserted that the prosecution, through the victim assistance fund, paid for Ms. Gutierrez to be moved twice, *id.* at 18, apparently in order to protect her from Mr. Anderson.  *Id.* at 38, 45.  However, Mr. Anderson did not present any witnesses who testified in support of his factual claims.

In denying this claim, as well as Mr. Anderson's various other claims of ineffective assistance of counsel, the state trial court found:

> The Court would further find that the testimony today does not support any of the defendant's arguments.  The testimony that was given by Mr. Anderson, although eloquent, was primarily conclusory, but not what that exculpatory evidence would have been.

*Id.* at 99).

In the Colorado Court of Appeals, among other ineffective assistance of counsel claims, Mr. Anderson asserted that his trial counsel should have investigated whether

> the victim witness was being given favors to testify after this information was told to him by the victim.  The victim was given money and had charges drop that she was facing and

>then had her complete trial record cleared. [Trial counsel] should have addressed this <u>major</u> discovery rule violation evidence and presented it to the jury as further grounds that the story being told by the victim may not be the whole truth.

ECF No. 7, ex. 10 (opening brief in No. 08CA1001) at 16. In the same opening brief, Mr. Anderson asserted that the prosecution violated his due process rights when the prosecution paid Ms. Gutierrez "money to testify against the defendant," *id.* at 23, did not inform his counsel of that fact, committed perjury when it informed the trial court that it had not been in contact with the victim until right before trial, and completely cleared Ms. Gutierrez's arrest records after Mr. Anderson's trial had been completed. *Id.* at 23-25.

The Colorado Court of Appeals affirmed the trial court's finding that several of Mr. Anderson's ineffective-assistance-of-counsel claims were conclusory and lacked supporting facts. *See* ECF No. 7, ex. 12 at 8. Specifically, concerning Mr. Anderson's prosecutorial misconduct claims, the state appeals court found that

>Most of Anderson's claims concerning prosecutorial misconduct are presented as argument that trial counsel's assistance was ineffective for failing to object to the prosecutor's actions. . . . To the extent Anderson argues that prosecutorial misconduct violated his due process rights, we conclude that his contentions are conclusory. Although he argues that there is "clear proof" in the record, he does not show what evidence supports his allegations other than arguing statements [Ms. Gutierrez] made that contradicted information the prosecutor presented to the court and his own testimony at the Crim. P. 35(c) hearing. Thus, defendant's conclusory allegations are insufficient to warrant relief.

*Id.* at 10-11.

Conclusory allegations fail to demonstrate that the alleged misconduct was so egregious it rendered the entire trial fundamentally unfair.  See *Donnelly*, 416 U.S. at 645.  Neither the trial court nor the state appeals court's decisions finding that Mr. Anderson made conclusory allegations in support of his claim of prosecutorial misconduct are contrary to or an unreasonable application of federal law.

### Claim Two

As his second claim, Mr. Anderson alleges that the evidence was insufficient to support his burglary conviction because it did not show that he intended to assault Ms. Gutierrez at the time he entered her home unlawfully.

Mr. Anderson's constitutional challenge to the sufficiency of the evidence is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979).  Evidence is sufficient to support a conviction as a matter of due process if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319 (emphasis in the original).  The Court looks at both direct and circumstantial evidence in determining the sufficiency of the evidence.  See *Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir. 1998).  The Court "may not weigh conflicting evidence nor consider the credibility of witnesses," but must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'"  *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)).

In applying *Jackson*, the Court looks to state law to determine the substantive elements of the offense.  See *Jackson*, 443 U.S. at 324 n.16; *Valdez v. Bravo*, 373 F.3d 1093, 1097 (10th Cir. 2004).

The statute in effect at the time of Mr. Anderson's trial provided that, under Colorado law, a person commits first-degree burglary if that person:

> (1) . . . knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime . . . against another person or property, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person . . . .

Colo. Rev. Stat. §18-4-202 (1998).

The trial court instructed the jury that the elements of the first-degree burglary were as follows:

1. That the defendant,
2. in the City and County of Denver, State of Colorado, on or about June 21, 1997,
3. knowingly,
4. entered and remained unlawfully in a building or occupied structure
5. with intent to commit therein the crime of Assault, and
6. while in the building or occupied structure,
7. the defendant assaulted Christina Gutierrez.

Trial Tr. vol. 2 at 195.

During closing argument, the district attorney discussed the difference between circumstantial and direct evidence, and told the jury they could rely on circumstantial evidence to infer Mr. Anderson's intent to assault Ms. Gutierrez when he broke into her house on June 21, 1997, "because he's done it before." Trial Tr. vol. 6 at 151, Sept. 2, 1998. The prosecution set forth evidence of Mr. Anderson's prior assaults on Ms. Gutierrez, including when he "beat her up" the first time while she was sitting on the couch in a friend's home, *id.* at 152, and "beat her again" when she returned home with

11

two friends by punching her with both hands, kicking her in the stomach, and dragging her across the front yard by her hair. *Id.*

The Colorado Court of Appeals resolved Mr. Anderson's challenge to the sufficiency of the evidence pursuant to a state law standard that is substantially identical to the *Jackson* standard, and held that the evidence was sufficient to support his conviction for first-degree burglary. *See* ECF No. 7, ex. 12 at 4-6. Specifically, the Colorado Court of Appeals held that the evidence of his "prior violent acts" against Ms. Gutierrez presented at trial were "sufficient to establish that he acted with the required intent to commit first degree burglary." *Id.* at 5.

Mr. Anderson argues that the evidence at trial was insufficient to sustain his burglary conviction because the district attorney exhorted the jury to rely on circumstantial evidence to infer his intent. He also argues that the evidence was insufficient because the only evidence he entered the house to commit assault was "an assault that occured [sic] many hours after defendant entered home." *See* ECF No. 1 at 10-11; *see also* trial tr. vol. 6 at 151, Sept. 2, 1998.

Mr. Anderson's argument that the evidence was insufficient because the jury relied on circumstantial evidence to determine his intent is meritless. *See Lucero*, 133 F.3d at 1312. His argument that the evidence showed he developed intent only after he made his illegal entry, hid in the laundry room waiting for Ms. Gutierrez to return home, and assaulted her only after a heated argument, *see* ECF No. 1 at 10; trial tr. vol. 6 at 152, Sept. 2, 1998, is simply a different conclusion the jury could have reached on the evidence presented, but did not. The evidence supports the jury's determination that Mr. Anderson acted with the "required intent" when he committed the crime of first-

degree burglary by breaking into Ms. Gutierrez's home and assaulting her.  *See* ECF No. 7, ex. 12 at 5.

The state court's factual findings are presumed correct and are supported by the state court record.  The evidence showed that Mr. Anderson had the intent to assault Ms. Gutierrez on the day in question.  Viewed in a light most favorable to the prosecution, a rational jury could have concluded beyond a reasonable doubt that, when Mr. Anderson entered Ms. Gutierrez's home, he did so with the intent to assault her.  Mr. Anderson has not rebutted the state court's factual findings with any clear and convincing evidence to the contrary.  The Court, therefore, finds that the state appellate court reasonably applied the *Jackson* standard in determining that there was sufficient evidence presented at Mr. Anderson's trial to support his conviction for first-degree burglary.  Mr. Anderson, thus, cannot prevail on his second claim.

## Claim Five

As his fifth claim, Mr. Anderson claims his trial counsel was ineffective for various reasons, including that he did not inform him of a guilty plea offer, should have cross-examined witnesses differently, and did not prepare adequately for trial.  Mr. Anderson presented these arguments in his Crim. P. 35(c) postconviction motion.  *See* ECF No. 7, ex. 10 at 16-21.

It was clearly established when Mr. Anderson was convicted that a defendant has a right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Ineffective assistance of counsel claims are mixed questions of law and fact.  *See id.* at 698.

To establish that counsel was ineffective, Mr. Anderson must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is Mr. Anderson's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Furthermore, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009).

Under the prejudice prong, Mr. Anderson must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In determining whether Mr. Anderson has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to him. *See Boyd*, 179 F.3d at 914.

Finally, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). If Mr. Anderson fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must be dismissed. *See Strickland*, 466 U.S. at 697.

Mr. Anderson asserts that his counsel did not inform him of a guilty plea offer. *See* ECF No. 1 at 16. The sole discussion of this issue occurred during the Crim. P. 35(c) postconviction hearing in connection with Mr. Anderson's argument on a proportionality claim, where he said he was offered twelve years in prison. Trial Tr. supplemental vol. at 91, Apr. 24, 2008. At no time did Mr. Anderson assert or present evidence that the prosecution offered him a plea agreement that his counsel did not communicate to him.

Mr. Anderson complains that his counsel did not cross-examine one of the police officers on the differences between the Jheri curl hairstyle, which the officer thought Mr. Anderson had, and the dreadlocks hairstyle, which Mr. Anderson said he had, and whether Mr. Anderson had a knife during his assault on Ms. Gutierrez. Because the officer was not an eyewitness to the crime, cross-examination on either issue was irrelevant. In any event, Mr. Anderson's counsel brought out on cross-examination of the police officer that all he knew about the crime was what Ms. Gutierrez and another witness told him. Trial Tr. vol. 6 at 53, Sept. 2, 1998. Since defense counsel's cross-examination of Ms. Gutierrez showed she changed her description of what had occurred depending upon which party she had been speaking to, trial tr. vol. 5 at 141-42, there was no reason to cross-examine the officer. Mr. Anderson has failed to identify witnesses who would have testified at his trial on matters that would have changed the result of the trial.

Mr. Anderson complains his counsel was unprepared for trial. However, the record of Mr. Anderson's trial shows that trial counsel was familiar with the facts of the case, had interviewed witnesses, opposed the prosecution's motion to present *res*

*gestae* evidence (trial tr. vol. 5 at 40-41, Sept. 1, 1998), conducted cross-examinations of witnesses, presented a theory of defense, made an opening statement and closing argument, and prevailed in having one count dismissed with his midtrial motion for judgment of acquittal. Trial Tr. vol. 6 at 115-16, 128, Sept. 12, 1998.

In denying the postconviction motion, the trial court found that Mr. Anderson failed to present adequate testimony in support of his claims of ineffective assistance of counsel. Trial Tr. supplemental vol. at 99, Apr. 24, 2008. On appeal, the Colorado Court of Appeals affirmed the trial court's findings as follows:

> [T]he court found that Anderson's contention that counsel failed to tender a theory of defense, adequately investigate the case, present favorable evidence, and properly cross-examine the witnesses were conclusory. Anderson did not explain what further investigation would have discovered, what evidence should have been presented, or what questions should have been asked. Nor did Anderson demonstrate that the outcome of the trial would have been different had counsel's representation been different. Thus, absent any supporting facts, Anderson's conclusory contentions are insufficient to warrant relief.

ECF No. 7, ex. 12 at 8.

The record belies Mr. Anderson's claims that his counsel was not prepared to defend him. *See Trice v. Ward*, 196 F.3d 1151, 1161 (10th Cir. 1999) (lack-of-preparation claim failed where petitioner made no showing of prejudice). Mr. Anderson has failed overcome the presumption that counsel provided reasonable professional assistance by showing that the alleged errors were not sound strategy under the circumstances. *See Strickland*, 466 U.S. at 689. The state appeals court's finding that Mr. Anderson's conclusory allegations of ineffective assistance of counsel were

16

insufficient to warrant relief is not contrary to or an unreasonable application of federal law.

### III.  Conclusion

For the reasons stated above, habeas corpus relief will be denied. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and that, therefore, *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Anderson files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied, and the action is dismissed with prejudice.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney fees.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, January 3, 2012.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge